**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 23-02461-EG |
| Jeremy Jermaine Johnson, | Chapter 13 |
| Debtor(s). | **AMENDED ORDER ON MOTION FOR RELIEF FROM STAY** |

**THIS MATTER** is before the Court on the Motion for Relief from Stay ("Motion") filed by Jessica Perez Johnson ("Movant").[1] Jeremy Jermaine Johnson ("Debtor") filed a timely objection to the Motion, and a hearing was held on October 3, 2023. The hearing was attended by counsel for both parties and the Debtor. After a thorough review of the pleadings, evidence, and arguments presented, the Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Debtor and Movant are husband and wife. On July 18, 2023, Movant filed an action in the Family Court for Lexington County, South Carolina (the "Family Court"), Case No. 2023-DR-32-01405 ("Family Court Case"), seeking divorce, separate maintenance and support, child custody, use of the marital residence, equitable distribution, alimony, and attorney's fees. That same day, Movant also filed a Motion for Temporary Relief requesting separate maintenance and support, possession of marital property, custody of minor children, child support, medical expenses, health insurance, alimony, use of the vehicle, payment of debt, and payment of attorney's fees. The Family Court set a hearing on the Motion for Temporary Relief for September 7, 2023.

On August 17, 2023 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.[2] Debtor previously received a discharge under 11 U.S.C. §

---

[1] ECF No. 21, filed Sept. 11, 2023.
[2] ECF No. 1.

727 on December 5, 2019 in a prior Chapter 7 case filed within the four years preceding the Petition Date; accordingly, he is ineligible to receive a discharge in this case.[3] Debtor's Schedule E/F lists Movant as holding a general unsecured claim in an unknown amount.[4] Debtor's Schedule I indicates that Debtor receives $1,604.00 from Social Security and $11,317.40 from "Social Security Dependent Benefit," "VA Disability," and "VA Disability (spouse care)." Debtor has filed a Chapter 13 Plan, which does not propose payment of any claims held by Movant, nor does it provide for treatment of any domestic support obligations.[5] The hearing on confirmation of Debtor's proposed Chapter 13 Plan is scheduled for October 31, 2023.

On September 11, 2023, Movant filed the Motion seeking relief from stay pursuant to 11 U.S.C. § 362(b)(2) and (d)(1) to pursue her Motion for Temporary Relief in Family Court. On September 25, 2023, Debtor filed an Objection to the Motion, raising various defenses to the Family Court Case itself, including lack of proper service, lack of grounds for divorce, and lack of standing. Debtor argues that Movant is unlikely to prevail in the Family Court Case, and that lifting the stay at this time will only cause Debtor unnecessary financial hardship. The parties filed a Joint Statement of Dispute on September 28, 2023.[6]

**DISCUSSION AND CONCLUSIONS**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G), and the Court may enter a final order.

I. **The Automatic Stay - 11 U.S.C. § 362**

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of, [among other things,] the commencement or

---

[3] ECF No. 5, filed Aug. 17, 2023.
[4] ECF No. 23, filed Sept. 11, 2023.
[5] ECF No. 23, filed Sept. 11, 2023.
[6] ECF No. 31.

2

continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]"  11 U.S.C. § 362(a)(1), (3).  While the scope of the automatic stay is broad, there are some statutory exceptions to its application.  For example, § 362(b) provides that the filing of a bankruptcy petition does **not** operate as a stay of (1) the commencement or continuation of a civil action or proceeding against a debtor for the establishment or modification of an order for domestic support obligations, concerning child custody or visitation, or for the dissolution of a marriage (except to the extent that such proceeding seeks to determine the division of property that is property of the estate); (2) the collection of a domestic support obligation from property that is not property of the estate; or (3) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.  11 U.S.C. § 362(b)(2)(A)-(C).[7]

---

[7] Section 362(b)(2) provides, in pertinent part, that the filing of a bankruptcy petition does not operate as a stay
    (2) under subsection (a)
        (A) of the commencement or continuation of a civil action or proceeding—
            (i) for the establishment of paternity;
            (ii) for the establishment or modification of an order for domestic support obligations;
            (iii) concerning child custody or visitation;
            (iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or
            (v) regarding domestic violence;
        (B) of the collection of a domestic support obligation from property that is not property of the estate;
        (C) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute. . . .

Section 362(d) further allows the Court to grant relief from the automatic stay for cause. "The party requesting relief has the initial burden of proving cause exists for relief from the automatic stay[.]" *In re Morgan*, 630 B.R. 476, 479 (Bankr. D.S.C. 2021) (citing 11 U.S.C. § 362(g); *In re Toomer*, C/A No. 10-07273-JW, 2011 WL 8899488, at *2 (Bankr. D.S.C. Oct. 5, 2011)). "Once the creditor makes a *prima facie* case, the burden shifts to the debtor on all other issues." *Id.* (quoting *In re Garcia*, 584 B.R. 483, 488-89 (Bankr. S.D.N.Y. 2018)).

## II.    Arguments of the Parties

Movant argues that (1) the automatic stay is not applicable to the Family Court Case because it is an action seeking dissolution of a marriage, establishment of a domestic support obligation, and determination of child custody or visitation; and (2) Debtor's sole source of income consists of Social Security Income and VA Disability Benefits, which Movant asserts are not property of the estate, and therefore, collection of any domestic support obligation ordered by the Family Court would not be satisfied out of property of the estate.

Debtor recognizes that § 362(b)(2)(A) allows the establishment of domestic support obligations in a family court during a bankruptcy case but argues that § 362(b)(2)(A) and § 362(d) do not allow a movant to proceed with a meritless family court action. Debtor testified at the hearing regarding Movant's lack of grounds to seek divorce and establishment of a domestic support obligation. Specifically, Debtor testified that he and Movant currently live together as husband and wife in the same residence. According to Debtor's testimony, the parties have had disagreements regarding finances, specifically regarding Movant's mismanagement of funds while acting as Debtor's Veterans Affairs-assigned fiduciary and custodian of his disability benefits, which resulted in Movant ultimately being removed as his fiduciary by Veterans Affairs. Despite the disagreements, Debtor indicated in his Objection and in the Joint Statement of Dispute that the

4

parties have reconciled intimately since the filing of the Family Court Case. He testified that he needs his income to support his reorganization in this Chapter 13 case and cannot afford to hire additional counsel to represent him in the Family Court Case. Debtor also takes issue with the fact that he was not properly served in the Family Court Case and, therefore, there is no "action" to continue in Family Court as would be allowed under § 362(b)(2). Accordingly, as argued during the hearing, Debtor seeks a determination, among other things, that § 362(b)(2) does not apply. Even if he had been properly served, Debtor argues the Family Court would have no subject matter jurisdiction of the Family Court Case because the parties are still cohabitating and, under South Carolina family law, irreconcilable difference is not a sufficient ground for divorce. To the extent that the Court was inclined to allow the Family Law Action to proceed, Debtor requests that such proceeding not be allowed to proceed until after confirmation of a chapter 13 plan.

### III.    Relief Under 11 U.S.C. § 362(b)(2)

As a preliminary matter, the Court confirms that Movant may proceed in the Family Court Case with the following matters because they are expressly excepted from the automatic stay by 11 U.S.C. § 362(b): (1) continuation[8] of the action to establish an order for a domestic support obligation, which may include separate maintenance and support, child support, alimony, and other maintenance and support;[9] (2) continuation of the action concerning child custody or visitation;[10] and (3) continuation of the action for the dissolution of the marriage between the parties.[11] Both parties may litigate the matters set forth above in the Family Court. However, additional relief from stay is necessary for the enforcement of a marital obligation against property of the

---

[8] To be clear, the use of the word "continuation" herein is not to be interpreted as making any findings that the Family Court Case was properly commenced in the Family Court pursuant to the applicable rules of procedure, and the stay also does not apply to any adjudication by the Family Court as to whether the Family Court Case was properly commenced or the complaint properly served on Debtor.
[9] 11 U.S.C. §§ 101(14A); 362(b)(2)(A)(ii).
[10] 11 U.S.C. § 362(b)(2)(A)(iii).
[11] 11 U.S.C. § 362(b)(2)(A)(iv).

5

bankruptcy estate or to hold Debtor in civil contempt. *In re Parast,* 612 B.R. 710, 721 (Bankr. D.S.C. 2020).

As to Debtor's argument that there was no "action" falling within the ambit of 11 U.S.C. § 362(b) because Debtor was not properly served, no evidence regarding service was presented by Debtor and, more importantly, the issue of proper service of a Complaint filed in the Family Court is a matter for the Family Court to decide—as well as the issue of subject matter jurisdiction.[12] Moreover, the Court notes that both "the commencement and continuation" of a family court action is carved out from the § 362 automatic stay under § 362(b)(2)(A); therefore, even if he had not been properly served, Debtor's bankruptcy does not stay any further attempts to properly serve Debtor or properly commence an action in Family Court to seek a divorce. Lastly, there is no reason to wait to "lift" the stay—to the extent it applies—until after confirmation. The Bankruptcy Code expressly provides that the stay is not applicable to some of the matters before the Family Court and the Court lacks statutory authority to impose the automatic stay upon those excluded matters.

### IV.    Enforcement of Collection of Any Domestic Support Obligation

As an additional ground supporting relief from stay, Movant asserts that any domestic support obligation ordered by the Family Court may be collected from Debtor's income from his Social Security and VA Disability benefits because these benefits are exempt and do not constitute property of the estate. Debtor, on the other hand, posits that while his income may not be considered disposable income and is exempt property, that does not equate to his income not being property of the estate. Section 541 of the Bankruptcy Code provides that the commencement of a

---

[12] The Court does not make any findings regarding the Family Court Action, including but not limited to whether there are grounds for divorce, whether there is a basis for personal jurisdiction over the Debtor, or whether the parties' allegations of misconduct have any merit.

bankruptcy case creates an estate comprised of all legal or equitable interests of the debtor in property as of the commencement of the case, wherever located and by whomever held. 11 U.S.C. § 541(a)(1). In a Chapter 13 case, "[p]roperty of the estate includes, in addition to the property specified in section 541 of this title—(1) all property of the kinds specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted . . . ; and (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted . . . ." 11 U.S.C. § 1306(a). As previously mentioned, § 362(b)(2) expressly provides that the filing of a bankruptcy case does not stay (a) the collection of a domestic support obligation from property that is not property of the estate or (b) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statue. 11 U.S.C. § 362(b)(2)(B)-(C). Thus, the question is whether Debtor's income would be considered property of the estate. While the parties did not cite any case law or make any extensive legal arguments regarding whether Debtor's income would be considered "property of the estate", the law regarding whether Social Security benefits and VA Disability benefits constitute property of the estate appears unsettled and the Court could not find any binding precedent in this District or in the Fourth Circuit.

Social Security income is excluded from the definition of "current monthly income" under 11 U.S.C. § 101(10A). *See* 11 U.S.C. § 101(10A)(B)(ii)(I) ("The term 'current monthly income'. . .excludes. . . benefits received under the Social Security Act (42 U.S.C. 301 et seq.)"). On that basis, the Fourth Circuit has held that "for both above-median income and below-median income debtors, Social Security income is excluded from the calculation of 'projected disposable income' under § 1325(b)(2)." *Mort Ranta v. Gorman*, 721 F.3d 241, 253 (4th Cir. 2013). Moreover,

7

pursuant to 42 U.S.C. § 407(a), "social security benefits are not 'subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.'" *Dale v. Butler*, No. 7:20–CV–184–BR, 2021 WL 4354610, at *8 (E.D.N.C. Sept. 14, 2021) (quoting 42 U.S.C. § 407(a)).

For these reasons, some courts have concluded that Social Security income is not property of the estate. *See Carpenter v. Ries (In re Carpenter)*, 614 F.3d 930, 936 (8th Cir. 2010) (citations omitted) ("We conclude [42 U.S.C.] § 407 must be read as an exclusion provision, which automatically and completely excludes social security proceeds from the bankruptcy estate, and not as an exemption provision which must be claimed by the debtor."); *In re Buenviaje*, No. CC-16-1347, 2016 WL 8467650 (B.A.P. 9th. Cir. Mar. 10, 2016) (finding that based on the application of 42 U.S.C. § 407, social security benefits are excluded from and never enter the estate); *In re Franklin*, 506 B.R. 765, 776 (Bankr. C.D. Ill. 2014) ("Allowing the social security benefits to become property of the estate, even if fully exemptible, would subject the benefits to the operation of the Bankruptcy Code, in contravention of [42 U.S.C.] § 407(a)'s third directive."); *see also* 4 COLLIER ON BANKRUPTCY ¶ 522.09 (2023) (emphasis added) (citing *In re Buren*, 725 F.2d 1080 (6th Cir. 1984)) ("Congress amended 42 U.S.C. § 407 to clarify that the inalienability of Social Security benefits was not repealed by the Bankruptcy Code, so that such benefits should not even become part of the bankruptcy estate."). Other courts have reached a different conclusion and held that because Social Security benefits are exemptible under 11 U.S.C. § 522, they should be considered property of the estate. *See, e.g., In re Meehean*, 611 B.R. 574, 582 (Bankr. E.D. Mich. 2020), *aff'd*, 619 B.R. 371 (E.D. Mich. 2020) (citing 11 U.S.C. § 522(b)(1)) ("Providing exemptions for Social Security benefits in § 522 implies that Social Security benefits can be

8

property of the bankruptcy estate under § 541.  This is because § 522 only permits the debtor to 'exempt from property of the estate' the types of property listed in § 522.").

The law appears similarly unsettled regarding whether a veteran's disability compensation is property of the estate.  Veteran's disability compensation, like Social Security income, is excluded from the Bankruptcy Code's definition of "current monthly income."  *See* 11 U.S.C. § 101(10A)(B)(ii)(IV) ("The term 'current monthly income'. . . excludes. . . any monthly compensation, pension, pay, annuity, or allowance paid under title 10, 37, or 38 in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. . .").  Pursuant to 38 U.S.C. § 5301(a)(1), these disability benefits are also "exempt from taxation, . . . exempt from the claim of creditors, and  . . . not . . . liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." Additionally, one bankruptcy court has held "disability compensation from the Department of Veterans Affairs. . .is not only wholly exemptible from property of the estate in a bankruptcy case—assuming it is property of the estate in the first place—but broadly exempt under applicable nonbankruptcy law from the claims of most creditors in most (if not all) legal and equitable processes, including bankruptcy." *WiscTex, LLC v. Galesky (In re Galesky)*, 648 B.R. 643, 698 (Bankr. E.D. Wis. 2022) (citing 11 U.S.C. § 522(10)(A) & (B); 38 U.S.C. § 5301(a)).  While the Court was unable to locate case law on whether veteran's disability compensation is property of the estate, given its exclusion from the Bankruptcy Code's definition of "current monthly income", its ability to be claimed as exempt under 11 U.S.C. § 522, and its similar statutory anti-assignment provision to the Social Security income anti-assignment provision, it is reasonable to predict that courts may also disagree on whether veteran's disability compensation is "property of the estate."

The parties did not present arguments or case law regarding the issue of whether either of these types of protected benefits constitute property of the estate. It appears that the determination of whether Debtor's Social Security and VA disability benefits constitute property of the estate may not alter the ultimate outcome if their collection fits within either exemption from the automatic stay under § 362(a)(B)(2)(B) or (C). The Court, however, does not have to decide at this time whether any domestic support obligation ordered by the Family Court may be collected from Debtor's income. To decide the issue now—when the Family Court has not yet established a domestic support obligation owed by Debtor and when the parties have not fully briefed or argued the issue—is premature. If the Family Court issues an order establishing a domestic support obligation owing from Debtor to Movant, the parties will have to seek further relief from this Court to determine whether Movant can collect from such income.[13]

### V.     Relief Under 11 U.S.C. § 362(d) to Determine the Equitable Distribution of the Parties' Marital Property

While the automatic stay does not apply to any proceeding in the Family Court Case for the dissolution of the parties' marriage, a determination of the division of marital property that is property of the estate is expressly carved-out from that exception. 11 U.S.C. § 362(b)(2)(A)(iv). For those actions to which the stay is applicable, the parties must turn to 11 U.S.C. § 362(d)(1), which provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . , such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." Movant requests relief from stay for "cause" to permit the Family Court to determine the equitable distribution of the parties' marital assets and liabilities. "Cause"

---

[13] When questioned by the Court as to whether it needed to determine whether these benefits constitute property of the estate, Movant's counsel acknowledged that it is an issue that does not have to be decided at this time.

is determined on a case-by-case basis and is a determination that falls within the discretion of the bankruptcy judge. *Parast,* 612 B.R. at 722 (citing *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). The Court must "balance the potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Id.* (quoting *Robbins*, 964 F.2d at 345). An equitable distribution determination by the Family Court would necessarily involve property of the bankruptcy estate. To determine whether the stay should be lifted to allow a state court to determine these types of issues, the Fourth Circuit has instructed bankruptcy courts to consider the following factors:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Robbins*, 964 F.2d at 345.

Debtor argues that there is no "cause" for relief from stay because there are no grounds for divorce or separate support and maintenance to maintain the Family Court Case since the parties currently cohabitate and maintain the same household as husband and wife. He further argues that incurring expenses for counsel for the Family Court Case would thwart his efforts to effectively reorganize. Debtor's reluctance to incur attorney's fees is outweighed by Movant's rights to seek relief from the Family Court on matters that are expressly excluded from the stay by 11 U.S.C. § 362(b)(2)(A) and (B). Debtor's testimony regarding the circumstances surrounding the parties' marital and financial difficulties and present living situation was mostly irrelevant to the matter before the Court and was insufficient to support his position that no cause exists for relief from stay. Debtor also cited case law regarding the family court's jurisdiction to adjudicate rights in

property where there are no grounds for marital litigation.[14] Even assuming there are no grounds for marital litigation, the Bankruptcy Court is not the proper forum to decide that matter. The Family Court must make its own determination regarding whether it has jurisdiction to consider the dispute between the parties, whether Debtor received proper service of the Family Court complaint, and whether Movant has grounds for divorce or separate support and maintenance.

Applying the *Robbins* factors set forth above, the Court finds that the Family Court has more specialized expertise regarding equitable distribution determinations in domestic cases and thus is the more appropriate forum to make the equitable distribution determination under state law. *Robbins*, 964 F.2d at 345. It further appears that the interests of judicial economy support allowing the Family Court to handle litigation regarding equitable distribution, which appears likely to be contested, and allowing this Court to focus its attention on reorganization issues in Debtor's bankruptcy case. Finally, the Court finds that the bankruptcy estate can be protected by placing conditions on the lifting of the automatic stay, including that the stay shall remain in effect to prohibit any act to collect, recover, transfer, encumber, or liquidate any property of the bankruptcy estate to enforce equitable distribution without a further order of this Court. For these reasons, the Court finds that cause exists to lift the automatic stay to permit the Family Court Case to proceed subject to the foregoing conditions.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED:

1. The automatic stay does not prevent the Movant or Debtor from commencing a proceeding in Family Court or continuing the Family Law Case to adjudicate (a) the dissolution of the

---

[14] *Theisen v. Theisen,* 716 S.E.2d 271 (S.C. 2011); *Brown v. Brown,* 295 S.C. 354 (S.C. App. 1988); *Sims v. Sims,* 348 S.E.2d 835 (S.C. 1986); *McLaurin v. McLaurin,* 363 S.E.2d 110 (S.C. App. 1988); *McAteer v. McAteer,* 205 S.E.2d 377 (S.C. 1974); *Brown v. Brown,* 56 S.E.2d 330 (1949).

marriage; (b) the establishment of paternity, (c) the establishment or modification of an order for domestic support obligations (which may include separate maintenance and support, child support, alimony, and other maintenance and support); (d) child custody or visitation; (e) domestic violence; provided, however, that to the extent the Family Court issues an order establishing a domestic support obligation owing from Debtor to Movant, the parties shall seek further relief form this Court to determine whether Movant can collect from Debtor's income;

2. The relief granted by this Order shall encompass discovery; pretrial proceedings, if any, and trial;

3. The automatic stay is hereby modified to allow the commencement of a proceeding or continuation of the Family Court Case to determine the equitable distribution of the marital assets and liabilities between Movant and Debtor as part of the divorce proceeding. The stay shall otherwise remain in effect to prohibit any act to collect, recover, transfer, encumber, or liquidate any property of the bankruptcy estate without a further order of this Court; and

4. All other requests for relief are denied at this time.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**10/27/2023**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 10/27/2023